# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 223

James R. Lowe,                                                             Appellant

v.

Workforce Safety and Insurance,                                           Appellee

### No. 20240189

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

James R. Lowe, self-represented, Newark, Texas, appellant; submitted on brief.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, North Dakota, for appellee; submitted on brief.

**Tufte, Justice.**

[¶1]   James Lowe appeals from a district court judgment affirming a managed care binding dispute resolution decision by Workforce Safety and Insurance ("WSI") relating to Lowe's chronic opioid therapy coverage. On appeal, Lowe argues WSI abused its discretion by denying his request for approval of continued opioid medication in excess of 90 Morphine Milligram Equivalents daily. We affirm the district court judgment affirming the managed care binding dispute resolution decision by WSI.

I

[¶2]   The WSI organization "shall establish a managed care program, including utilization review and bill review, to effect the best medical solution for an injured employee in a cost-effective manner upon a finding by the organization that the employee suffered a compensable injury." N.D.C.C. § 65-02-20. "If an employee, employer, or allied health care professional disputes a managed care decision, the employee, employer, or allied health care professional shall request binding dispute resolution on the decision." *Id.* "Dispute resolution under [N.D.C.C. § 65-02-20] is not subject to chapter 28-32 or section 65-01-16." *Id.* "A dispute resolution decision under this section requested by an employee is reviewable by a court only if medical treatment has been denied to the employee." N.D.C.C. § 65-02-20. "The dispute resolution decision may be reversed only if the court finds an abuse of discretion in the dispute resolution process." *Id.*; *see also Whedbee v. N.D. Workforce Safety & Ins. Fund*, 2014 ND 79, ¶ 7, 845 N.W.2d 632.

[¶3]   On November 22, 2021, Lowe was notified by WSI of a law that was passed by the 2021 North Dakota Legislature, which would take effect July 1, 2022, explaining: "Effective July 1, 2022, WSI will no longer cover a combination of opioid and benzodiazepine drugs. A combination of all opioid medications cannot go over 90 milligram morphine equivalent per day, and total duration of a benzodiazepine therapy cannot go over 4 total weeks." WSI further notified

Lowe he must "[w]ork with [his] medical provider to reduce opioid and/or benzodiazepine usage by July 1, 2022, to maintain coverage for these therapies." The notification also stated: "If there is a medical necessity for exceeding these limitations, your medical provider will need to complete a Provider's Request for Medication Prior Authorization (M11) form and submit supporting documentation for WSI to review." Lowe's medical provider, Balch Interventional Pain & Wellness Center, was copied on the correspondence.

[¶4]   Lowe was notified of the change in the law on November 22, 2021, and again on April 1, 2022. The law was effective July 1, 2022. After Lowe's provider requested authorization for the dosage in excess of 90 MME, a full review was conducted by WSI. The request was denied, citing several areas wherein the provider's treatment course did not align with guidelines governing long-term assessment and management of opioid pain. The record does not show an attempt to remedy those guideline delinquencies. WSI again reviewed Lowe's request before issuing its binding dispute resolution. WSI did not act arbitrarily, unreasonably, or capriciously. WSI did not misinterpret or misapply the law. The record does not show an abuse of discretion in the dispute resolution process. *See* N.D.C.C. § 65-02-20.

[¶5]   Section 65-05-40, N.D.C.C., permits WSI to depart from the established limits "upon a showing of medical necessity." Lowe does not cite a medical necessity. The record does not show any support for the medical necessity of the continued use in excess of 90 MME. Specifically, the record does not show an attempt to reduce the high dosage nor does the record reconcile the success of alternative treatments with a need to continue dosage in excess of 90 MME. The binding dispute resolution is supported by the record. After reviewing the record, we conclude WSI did not abuse its discretion by denying Lowe's request for approval of continued opioid medication in excess of 90 Morphine Milligram Equivalents daily.

II

[¶6]   We affirm the district court judgment affirming the managed care binding dispute resolution decision by WSI.

2

[¶7] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

3